IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| **BIJU MAKRUKKATTU JOSEPH,** *et al.* | § § | |
| **v.** | § § | 1:13-CV-324 |
| **SIGNAL INTERNATIONAL L.L.C.,** *et al.* | § § § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

The court referred this case to the Honorable Zack Hawthorn, United States Magistrate Judge, for pretrial matters. (Doc. No. 4.) Pending before the court is the "Motion of Signal Defendants to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)" (Doc. No. 70) filed by Defendants Signal International, L.L.C., Signal International, Inc., Signal International Texas, G.P., and Signal International Texas, L.P. (collectively, "Signal"). The court has received and considered the report and recommendation of the magistrate judge (Doc. No. 99), who recommends that the court deny Signal's motion. The Defendants filed timely objections (Doc. No. 106) to the report, and the Plaintiffs filed a response (Doc. No. 117).

A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a de novo determination of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(c) (Supp. IV 2011); FED. R. CIV. P. 72(b)(2)–(3). "Parties filing objections must specifically identify those findings [to which they object]. Frivolous, conclusive or general objections need not be considered by the district court." Nettles v. Wainwright, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), overruled on other grounds by Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1412 (5th Cir. 1996) (en banc). After

considering Signal's objections, the court finds that they are without merit and that the magistrate judge's findings and conclusions are correct.

Signal's primary objection is that the magistrate incorrectly determined that the complaint was sufficiently pled. In reviewing the Plaintiffs' complaint, the court finds that it sets forth sufficient factual detail to meet the relevant pleading standards. Signal's next objection is that the magistrate erred in not considering pleadings and orders from another case. While the Plaintiffs' complaint references these in passing, they are not central to either the Plaintiffs' complaint, the 12(b)(6) motion. Another district court's order may be instructive, but seldom dispositive. Moreover, Signal failed to attach these documents to any of its briefing, which is another reason not to consider these documents. Lastly, Signal objects that the Plaintiffs are seeking damages under §§ 1981 and 1983 and the magistrate judge erred in not granting a *pro tanto* dismissal of these claims to the extent that damages were suffered abroad. It would be premature and impossible to begin parsing out at this stage, before liability has even been found, what damages are attributable to what specific conduct. Also, the Plaintiffs have alleged sufficient violations of their civil rights in the United States such that dismissal of these claims is not warranted.

After conducting a de novo review of the magistrate judge's report and recommendation and Signal's objections, the court finds that the magistrate judge's findings and conclusions are correct. See FED. R. CIV. P. 72(b)(3). Accordingly, Signal's objections are overruled and the report and recommendation will be adopted.

It is therefore **ORDERED** that the magistrate judge's report and recommendation (Doc. No. 99) is **ADOPTED**; and the "Motion of Signal Defendants to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)" (Doc. No. 70) is **DENIED**.

So **ORDERED** and **SIGNED** this **11** day of **September, 2014.**

_____
Ron Clark, United States District Judge