IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| BIJU MAKRUKKATTU JOSEPH, *et al.* | § § | |
| v. | § § | 1:13-CV-324 |
| SIGNAL INTERNATIONAL L.L.C., *et al.* | § § § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

The court referred this case to the Honorable Zack Hawthorn, United States Magistrate Judge, for pretrial proceedings. (Doc. No. 4.) Pending before the court is the "Motion and Memorandum in Support of Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(2)" (Doc. No. 31) filed by Defendants Malvern C. Burnett, the Law Offices of Malvern C. Burnett, A.P.C., and Gulf Coast Immigration Law Center, L.L.C. (collectively, "Burnett"). The court has received and considered the report and recommendation of the magistrate judge (Doc. No. 100), who recommends that the court deny Burnett's motion. Burnett filed timely objections to the report and recommendation (Doc. No. 104), and the Plaintiffs filed a response. (Doc. No. 114.)

A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a de novo determination of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(c) (Supp. IV 2011); FED. R. CIV. P. 72(b)(2)–(3). "Parties filing objections must specifically identify those findings [to which they object]. Frivolous, conclusive or general objections need not be considered by the district court." Nettles v. Wainwright, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), overruled on other grounds by Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1412 (5th Cir. 1996) (en banc).

After considering Burnett's objections, the court finds that they are without merit and that the magistrate judge's findings and conclusions are correct. Burnett first argues that he is not subject to jurisdiction under RICO.[1] While the Fifth Circuit has not yet ruled on this issue, a majority of circuit courts, as well as all of the district courts in this Circuit, that have considered the issue have held that the RICO statute confers nationwide jurisdiction in a RICO action over nonresident defendants if the plaintiff can establish personal jurisdiction over at least one defendant, and the "ends of justice" require it. There is no question that the court has jurisdiction over at least one defendant—Signal. Moreover, the magistrate judge, by properly weighing the appropriate factors, correctly found that the "ends of justice require" jurisdiction.

Burnett also objects to the magistrate judge's finding that specific jurisdiction exists. The Plaintiffs' complaint, however, contains sufficient detail concerning Burnett's actions in Texas to confer specific jurisdiction. Additionally, Burnett's actions abroad caused a significant enough injury within Texas to confer jurisdiction. Lastly, exercising jurisdiction over Burnett does not violate traditional notions of fair play and substantial justice. Burnett's attempt to minimize his direct contacts by claiming the he merely mailed some forms to Texas at the behest of his client is unavailing.

After conducting a de novo review of the magistrate judge's report and recommendation, Burnett's objections, and the Plaintiffs' response, the court finds that the magistrate judge's findings and conclusions are correct. See FED. R. CIV. P. 72(b)(3). Accordingly, Burnett's objections are overruled and the report and recommendation will be adopted.

---

1. The court notes that Burnett mostly complains in his objections that the allegations are insufficient to state a plausible claim for relief (Doc. No. 104, p.6-7), or that the Plaintiffs have not provided sufficient evidence to substantiate their claims. (id. at p. 13.) These are more appropriately addressed in a 12(b)(6) motion, or a motion for summary judgment, not a motion to dismiss for lack of personal jurisdiction. The magistrate judge has already recommended denying Burnett's 12(b)(6) motion, to which Burnett did not object. (See Doc. No. 124.)

It is therefore **ORDERED** that the magistrate judge's report and recommendation (Doc. No. 100) is **ADOPTED**; and Burnett's "Motion and Memorandum in Support of Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(2)" (Doc. No. 31) is **DENIED**. Burnett's alternative request for an interlocutory appeal to the United States Court of Appeals for the Fifth Circuit is also **DENIED**.

So **ORDERED** and **SIGNED** this **11** day of **September, 2014.**

_____
Ron Clark, United States District Judge